# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627

Fax: (718) 855-4696

January 24, 2017

Hon. Roanne L. Mann
Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Lelchook, et al v. Islamic Republic of Iran, et al*
     1:16-cv-07078-ILG-RLM

Dear Chief Magistrate Judge Mann,

  Pursuant to Rule IV(A) of Judge Glasser's Individual Rules (providing that "All discovery and non-dispositive motions shall be made to the assigned Magistrate Judge"), we write on behalf of plaintiffs in the above-referenced action to request leave to commence jurisdictional discovery.

  This is a civil action under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, and supplemental causes of action, arising from the murder of David Martin Lelchook in a rocket attack carried out by the Hezbollah terrorist organization on August 2, 2006. Plaintiffs are the widow, daughters, brother, mother and estate of the decedent. Defendants are the Islamic Republic of Iran ("Iran"), the Central Bank of Iran ("CBI"), Bank Saderat Iran ("BSI") and Bank Saderat PLC ("BSPLC").

  Defendants' liability is based, *inter alia,* on official findings by the U.S. Government that in the years prior to the murder of David Martin Lelchook, defendants Iran, CBI, BSI and BSPLC provided Hezbollah with at least $50 million in funding. (DE 81 at ¶¶ 34-58).

  This case was filed in the U.S. District Court for the District of Massachusetts, where some of the plaintiffs are domiciled. Process was served on all defendants, but defendants Iran, CBI and BSI failed to answer or otherwise respond, and their defaults were entered. (DE 44, 65, 86).

  BSPLC appeared by counsel and moved to transfer this case to the District of Columbia. Plaintiffs opposed that motion, which was denied by Chief Judge Patti B. Saris. (DE 75).

  BSPLC then moved under Rule 12(b)(2) to dismiss the case for lack of personal jurisdiction. Plaintiffs opposed the Rule 12(b)(2) motion on the grounds, *inter alia*, that BSPLC's dollar transfers to Hezbollah had a U.S. banking nexus, which rendered BSPLC subject to specific

personal jurisdiction in this case under *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327 (N.Y. 2012) and its progeny. *See Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013); *Strauss v. Crédit Lyonnais, S.A.*, 175 F. Supp. 3d 3 (E.D.N.Y. 2016); *Weiss v. Nat'l Westminster Bank PLC*, 176 F. Supp. 3d 264 (E.D.N.Y. 2016); *Gucci America, Inc. v. Weixing Li,* 135 F. Supp. 3d 87 (S.D.N.Y. 2015); *Al Rushaid v. Pictet & Cie*, 28 N.Y.3d 316 (2016). (DE 90, 94, 99).

Plaintiffs also argued in the alternative that if the Rule 12(b)(2) motion is not denied outright, they should be permitted to conduct jurisdictional discovery to show that BSPLC's dollar transfers to Hezbollah had a U.S. banking nexus. (DE 99 at 6-8).

On December 20, 2016, Chief Judge Saris issued a Memorandum and Order finding that "plaintiffs have presented facts … that would plausibly support jurisdiction in New York" and that "there is likely personal jurisdiction in New York." (DE 110 at 13, 16). Accordingly, Judge Saris denied BSPLC's Rule 12(b)(2) motion, and transferred the case to this district in light of plaintiffs' request that "jurisdictional discovery occur in the Eastern District of New York." *Id*. at 16-17.

Plaintiffs should therefore now receive leave to proceed with jurisdictional discovery as anticipated by the transferor court. Chief Judge Saris' findings that "plaintiffs have presented facts … that would plausibly support jurisdiction in New York" and that "there is likely personal jurisdiction in New York" (DE 110 at 13, 16) more than satisfy the threshold requirement of a "sufficient start" toward showing jurisdiction, or of a "colorable basis" for personal jurisdiction, which entitle plaintiffs to jurisdictional discovery under the law of this Circuit. *See Leon v. Shmukler*, 992 F. Supp. 2d 179, 194-195 (E.D.N.Y. 2014) (collecting cases holding that jurisdictional discovery is warranted upon a showing of a "colorable" basis for jurisdiction); *Intl. Diamond Importers, Inc. v. Med Art, Inc.*, 2016 WL 1717217, at *2 (S.D.N.Y. Apr. 27, 2016) (same, when plaintiff has shown "some basis" for jurisdiction or has made a "sufficient start" toward a jurisdictional showing).

We thank you for your consideration.

Respectfully yours,

Robert J. Tolchin

Cc: All counsel of record by ECF