

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
215.981.4000
Fax 215.981.4750

Jeremy D. Frey
direct dial:  215.981.4445
direct fax:  215.422.3552
freyj@pepperlaw.com

January 31, 2017

VIA ECF

Hon. Roanne L. Mann
Chief Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Lelchook, et al v. Islamic Republic of Iran, et al., 1:16-cv-07078-ILG-RLM</u>

Dear Judge Mann:

This Firm represents Bank Saderat PLC ("BSPLC") in the above case.  BSPLC is a bank incorporated in the United Kingdom with no operations in the United States.  BSPLC opposes plaintiffs' motion for early jurisdictional discovery.[1]  Oral argument is requested.

1.    <u>Summary of the Case</u>

The case arises from the unfortunate death of David Lelchook, which is claimed to have occurred on August 2, 2006 during rocket attacks in Israel in July and August 2006.  These hostilities became known as the Israel-Lebanon War.  Plaintiffs have brought claims against BSPLC under the Anti-Terrorism Act, 18 U.S.C. § 2331, *et seq.* ("ATA") and Massachusetts and Israeli common law.

This case has a tortured history.  Initially brought in 2010 in D.C., the case was twice dismissed against BSPLC by the D.C. District Court (Hon. Royce C. Lamberth), including once for failure to state a claim and without appeal.  Following the dismissals in D.C., plaintiffs re-filed the *same case* in the District of Massachusetts in 2015.  The District Judge in

---

[1] BSPLC has asserted and does not waive its defenses that there is no personal jurisdiction over BSPLC in the U.S., nor jurisdiction with respect to the claims in this case.

**Pepper Hamilton LLP**
*Attorneys at Law*

Hon. Roanne L. Mann
Page 2

Massachusetts ordered a stay of the case as to BSPLC. After various other proceedings, the Court directed BSPLC to bring only its personal jurisdiction motion under Rule 12(b)(2) (and not any other motions to dismiss). After briefing and argument on BSPLC's stand-alone Rule 12(b)(2) motion, the Massachusetts Court indicated there was no basis for personal jurisdiction in Massachusetts, but that there was a "plausible" basis in New York, and transferred the case to this Court.

Plaintiffs now seek early jurisdictional discovery in advance of BSPLC's additional motions to dismiss under Rule 12. This motion should be denied. The next step in this case is not costly international jurisdictional discovery, but the customary procedure of lifting the stay to allow BSPLC to file its motions to dismiss. After all, in the very same case, the claims against BSPLC were dismissed for failure to state a claim. Jurisdictional discovery, if at all, can be done in the course of regular discovery if this Court should not find the case barred.

2.   More Details on the Posture of the Case

In July 2010, plaintiffs brought suit against BSPLC and other defendants in D.C. District Court. *Lelchook, et al. v. Central Bank, et al.*, Civ. No. 10-1184 (D.D.C.)(RCL) (the "D.C. Action") (Ex. 1, D.C. Dkt and Exhibit 2, D.C. Action Complaint). The D.C. Action claimed the same injuries to David Lelchook occurring as a part of the Israel-Lebanon War. As here, BSPLC was sued under the ATA and Israeli common law theories. In November 2010, plaintiffs' counsel requested a stay of service (Exhibit 1, D.C. Dkt, Entry #3) pending the outcome of motions to dismiss jointly filed by BSPLC and its corporate parent, Bank Saderat Iran ("BSI"), in the related case of *Kaplan v. CBI, et al*., Civ. No. 10-483 (D.D.C.). (Exhibit 3, *Kaplan* Dkt and Exhibit 4, *Kaplan* Complaint).

*Kaplan* involved the same defendants as both the D.C. Action and this case, the same events in Israel, the same claims under the ATA and Israeli law, and the same plaintiffs' counsel. The *Kaplan* complaint did not include the *Lelchook* plaintiffs, but was designated by plaintiffs as a closely related case to the *Lelchook* D.C. Action. (Exhibit 3, *Kaplan* Dkt and Exhibit 4, *Kaplan* Complaint).

The *Lelchook* plaintiffs' request for a stay of the D.C. Action was granted pending the motions in *Kaplan*. As a result, there were no proceedings in the D.C. Action while motions to dismiss were adjudicated in *Kaplan*. In August 2013 (with the *Kaplan* plaintiffs represented by the *Lelchook* plaintiffs' counsel), Judge Lamberth in *Kaplan* granted motions of BSPLC and BSI to dismiss all counts against them with prejudice, including under the ATA and Israeli law claims on the grounds that the claims are barred by the ATA's "act of war" limitation. (Exhibit 5, *Kaplan* Dismissal).

On the same day as the *Kaplan* dismissal, Judge Lamberth issued a separate Order in the related, stayed *Lelchook* D.C. Action (Exhibit 1, D.C. Dkt, Entry #11), and dismissed

**Pepper Hamilton LLP**
*Attorneys at Law*

Hon. Roanne L. Mann
Page 3

BSPLC and BSI based on *Kaplan*.[2]  No appeal was ever taken, though a first amended *Lelchook* complaint was re-filed in D.C. in 2014, and ultimately dismissed again by the Court in 2015 (Exhibit 1, D.C. Dkt, Entry #29).

In November 2015, *Lelchook* was again filed for the third time, but in Massachusetts. *Lelchook, et al. v. IRI, et al.*, Civ. No. 15-13715 (D. Mass.)(PBS)(the "Massachusetts Action").  Plaintiffs' purpose of re-filing in Massachusetts was to seek a different ruling to the unappealed judgment of Judge Lamberth in D.C.  The Massachusetts Court stayed the proceedings (which stay remains in effect) and directed BSPLC to file only its motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).  (Exhibit 7, Massachusetts Dkt, Entry # 9).  The Massachusetts Court did not permit BSPLC to raise additional Rule 12 arguments.  (Massachusetts Dkt #107).  In December 2016, the Massachusetts Court denied BSPLC's Rule 12(b)(2) motion and transferred the case to this Court *sua sponte* because "plaintiffs' jurisdictional allegations indicate that New York plausibly has jurisdiction over this case." (Massachusetts Dkt, Entry #110).

3.      BSPLC's Other Anticipated Rule 12 Motions

BSPLC anticipates filing motions to dismiss this case under Rule 12.  While BSPLC has asserted and not waived its Rule 12(b)(2) motion, BSPLC intends also to seek dismissal under Rule 12 on independent grounds, including the ATA's "act of war" subject matter limitation.

Since there is no necessity for the Court even to further address personal jurisdiction since this case should be otherwise dismissed (as it already has been twice before), plaintiffs' request for early jurisdictional discovery is premature and not ripe.  The Court should not impose the burden of costly international jurisdictional discovery upon BSPLC where independent grounds to dismiss this case obviously exist apart from personal jurisdiction.  This is particularly true here as this case has already been dismissed with prejudice (see Rule 41(b)) and simply now been re-filed in another jurisdiction in search of a different ruling than Judge Lamberth's.  This Court is not effectively a federal court of appeals that can permissibly review a judgment of a sister District Court in another federal Circuit.

Thank you for your attention to this matter.

---

[2] Exhibit 6, Dismissal Order in D.C. Action ("the Court dismissed several claims raised by a group of plaintiffs against the same defendants for rocket attacks part of the same conflict under the same legal frameworks relied on here.  Rather than repeat the reasoning of the *Kaplan v. Central Bank* opinion here in full, the Court incorporates by reference all of that reasoning.  Under that reasoning, the Court will dismiss all of plaintiffs' claims against defendants BSI and BSPLC ….").



Hon. Roanne L. Mann
Page 4

                                              Very truly yours,

                                              Adam B. Michaels
                                              Jeremy D. Frey *(Pro hac vice* application forthcoming)

cc:    All counsel of record via ECF