# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627                                                                                                              Fax: (718) 855-4696

February 8, 2017

Hon. Roanne L. Mann
Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Lelchook, et al v. Islamic Republic of Iran, et al*
            1:16-cv-07078-ILG-RLM

Dear Chief Magistrate Judge Mann,

    We write in further support of plaintiffs' motion for leave to commence jurisdictional discovery (DE 117) and in reply to defendant BSPLC's opposition to that motion (DE 118).

    BSPLC's opposition presents no substantive grounds at all to deny plaintiffs' motion for jurisdictional discovery. It disputes neither the need for jurisdictional discovery nor that plaintiffs have made the threshold showing entitling them to such discovery.[1] Instead, BSPLC both reasserts its personal jurisdiction challenge (DE 118 at n. 1) yet in the same breath asks Your Honor to reverse Chief Judge Saris' ruling that personal jurisdiction be resolved as a threshold matter. BSPLC invites Your Honor disregard the enormous party and judicial resources that have been expended to date on the personal jurisdiction issue – including the extensive briefing, evidence and expert declarations submitted by the plaintiffs regarding personal jurisdiction and Chief Judge Saris' interim ruling on personal jurisdiction – so that BSPLC can file a new and different Rule 12(b) motion to dismiss on the basis of the ATA's "act of war" defense.

    In support of this demand BSPLC makes two claims: (1) the "act of war" defense is a limitation on subject-matter jurisdiction and so can be decided prior to personal jurisdiction; and (2) this case has previously been dismissed with prejudice under the "act of war" defense.

---

[1] BSPLC also misstates Chief Judge Saris' jurisdictional findings. She found that "there is ***likely*** personal jurisdiction in New York," not merely that jurisdiction here is "plausible," as BSPLC would have it. (DE 110 at 13, 16) (emphasis added).

As explained below, both of these claims are meritless.

### A. The "Act of War" Defense is Non-Jurisdictional

Section 2336(a) of the ATA provides simply that "No action shall be maintained under section 2333 of this title for injury or loss by reason of an act of war." 18 U.S.C. § 2336(a). The Supreme Court has repeatedly cautioned that a provision should not be treated as jurisdictional absent a "clear indication that Congress wanted the rule to be jurisdictional." *Henderson v. Shinseki*, 562 U.S. 428, 436 (2011) (quotation marks omitted). *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). Nothing in § 2336 even hints that it is a jurisdictional bar; indeed, the other subsections of § 2336 also deal with purely procedural matters.

Unsurprisingly, therefore, courts have held that the "act of war" exclusion is not jurisdictional. *See e.g. Gill v. Arab Bank, PLC*, 893 F.Supp.2d 474, 508 (E.D.N.Y. 2012) (Weinstein, J.) (ATA § 2336 is an affirmative defense); *Stutts v. De Dietrich*, 2006 WL 1867060 (E.D.N.Y. June 30, 2006) (ATA § 2336 is an element of the claim); *Morris v. Khadr*, 415 F.Supp.2d 1323, 1334 (D.Utah 2006) ("[T]he burden should fall on [defendant] to prove that his associates were a military force if he wishes to invoke this ATA exclusion.").

Thus, because ATA § 2336 is not jurisdictional, the Court cannot assume "hypothetical jurisdiction" and address the "act of war" defense until personal jurisdiction has been resolved. *Sucampo Pharm. v. Astellas Pharma*, 471 F.3d 544, 548 (4th Cir. 2006) ("[T]he dismissal of a case on an issue relating to the merits of the dispute, such as failure to state a claim, is improper without resolving threshold issues of jurisdiction, including personal jurisdiction.").

### B. The D.C. Dismissal Is a Nullity

The dismissal of plaintiffs' prior action lacks force because, as Chief Judge Saris noted, the D.C. court failed to "address personal jurisdiction with respect to BSPLC." DE 110 at 3. I.e., the D.C. court assumed "hypothetical jurisdiction" to dismiss the case, which makes that decision nugatory. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) ("The validity of an order of a federal court depends upon that court's having jurisdiction over *both* the subject matter *and* the parties." (internal quotation marks omitted).

Even if the D.C. court had had jurisdiction to dismiss the prior case as barred by the "act of war" defense, that dismissal has no res judicata effect because defendants BSPLC and Bank Saderat Iran ("BSI") were never served and never appeared in the case. *See, e.g., Hart v. Yamaha-Parts Distributors*, 787 F.2d 1468, 1471 (11th Cir. 1986) (unserved party is not a "party" for res judicata purposes); *Keeton v. Cox*, 2010 WL 520580, *3-4 (E.D. Ca. Feb. 11, 2010) (same). Thus, BSPLC (and BSI) cannot invoke res judicata.

Nor can the D.C. dismissal give rise to collateral estoppel. It is elementary that collateral estoppel cannot apply unless "the party had a full and fair opportunity to litigate the issue." *Bear,*

*Stearns v. 1109580 Ontario, Inc.*, 409 F.3d 87, 91 (2d Cir. 2005). But as Chief Judge Saris noted, the D.C. court dismissed the action *sua sponte*, solely on the basis of its holding in the *Kaplan* case, "without affording the Lelchook I plaintiffs a separate opportunity to brief the applicability of the 'act of war' exception." DE 110 at 3. Moreover, collateral estoppel is inapplicable where, as here, the prior decision "is itself inconsistent with some other adjudication of the same issue." *Bravo-Fernandez v. U.S.*, 137 S. Ct. 352, 363 (2016) (quoting Restatement (Second) of Judgments at § 29 comment f., at 295). The D.C. court's holding that ATA claims arising from Mr. Lelchook's murder in a Hezbollah rocket attack are barred by the "act of war" exception is flatly inconsistent with the holding of Judge Alvin K. Hellerstein, in a separate ATA action brought by the Lelchook family against Commerzbank in the SDNY. Judge Hellerstein expressly ruled that the ATA's "act of war" defense is inapplicable to Mr. Lelchook's murder:

> [DEFENSE COUNSEL] … There was an argument in the briefing concerning the act-of-war exception to this statute and –
>
> THE COURT: There is no act of war here. There never was a declared war between Hezbollah and the United States. It's like a fungus grown in Lebanon but it's not a state itself and there is no war between Hezbollah and the United States, except our war against terrorism which is not really a war, a really declared war. I don't think the act-of-war exception applies. In any event, these were not military targets. There is no military target around. These were just missiles hurled into Israel with the hope that it would land on somebody rather than just a field.

Exhibit A (Transcript of 7/18/11 hearing in *Lelchook v. Commerzbank AG*, Civ. No. 10-5795 (S.D.N.Y.), DE 37 at 25); Exhibit B (Summary Order in *Lelchook* denying defendant's motion to dismiss "[f]or the reasons stated on the record" at the July 18, 2011 hearing).

Thus, the D.C. decision is "inconsistent with [Judge Hellerstein's] adjudication of the same issue," *Bravo-Fernandez*, 137 S. Ct. at 363, and therefore has no preclusive effect.[2]

In sum, BSPLC's attempt to distract and divert the Court from the threshold question of personal jurisdictional should be rejected, and plaintiffs' application should be granted.

---

[2] Moreover, the D.C. decision is wrongly decided, *inter alia* for the reasons stated by Judge Hellerstein and those set forth in the numerous cases rejected by the D.C. court. *See Kaplan v. Central Bank of Islamic Rep. of Iran*, 961 F. Supp. 2d 185, 199-204 (D.D.C. 2013) (rejecting holdings that the "act of war" defense is inapplicable as a matter of law in these circumstances in *Klieman v. Palestinian Auth.*, 424 F.Supp.2d 153 (D.D.C. 2006), *Biton v. Palestinian Auth.*, 412 F.Supp.2d 1(D.D.C. 2005) and *Morris v. Khadr*, 415 F.Supp.2d 1323 (D. Utah 2006)).

We thank you for your consideration.

Respectfully yours,

Robert J. Tolchin

Cc: All counsel of record by ECF