UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ESTER LELCHOOK, et al.,

                         Plaintiffs,          Docket No. 16-cv-7078 (ILG) (RLM)

      v.

THE ISLAMIC REPUBLIC OF IRAN, et al.,

                         Defendants.
-----------------------------------------------------------X

MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR JURISDICTIONAL DISCOVERY

       Early jurisdictional discovery in *Lelchook* should be denied. At oral argument before the Court on May 10, 2017, the parties were made aware that the Court is fully familiar with the (i) earlier proceedings in the D.C. cases *of Lelchook, et al. v. CBI, et al.*, Civ. No. 10-1184 (D.D.C.)(RCL) and *Kaplan, et al. v. CBI, et al.*, Civ. No. 10-483 (D.D.C.) (RCL), (ii) proceedings occurring upon the re-filing of the dismissed *Lelchook* case in the District of Massachusetts*, Lelchook, et al. v. IRI, et al.,* Civ. No. 15-13715 (D. Mass.)(PBS), (iii) papers already filed by the parties in this case in the Eastern District of New York, as well as (iv) the recent submissions by counsel before the Court of Appeals for the District of Colombia Circuit in *Kaplan v. CBI*, Appeal No. 16-7142 (D.C. Cir.). Accordingly, details on the posture of those cases, and the chronology of events, need not be again generally recounted in detail in this submission.

A.  *Lelchook* Dismissed in 2013

There is no reason to advance to discovery at this time given the posture of this case and the pendency of the appeals in the directly related cases of *Kaplan v. CBI* and the companion case of *Kaplan v. Hezbollah,* Appeal No. 16-7122 (D.C. Cir.).[1] *Lelchook* has already been dismissed as to BSPLC by the D.C. District Court in 2013 based on the ruling in *Kaplan v. CBI* under the ATA's act of war ("AOW") exclusion. *Lelchook v. CBI*, Case No. 10-1184 (D.C. 10-1184) (DE #19); *Kaplan v. CBI*, 961 F. Supp. 2d 185 (D.D.C. 2013). Plaintiffs already lost *Lelchook* under AOW. Plaintiffs simply refiled this case after its earlier dismissal under *Kaplan v. CBI* in D.C. This is forum shopping. As plaintiffs already lost, the parties should not be advancing to discovery in this Court.

To be sure, as this Court is well aware, *Kaplan v. CBI* is on appeal in the D.C. Circuit. Also on appeal is the companion case of *Kaplan v. Hezbollah*, which involved dismissal of ATA counts against Hezbollah at the same time as *Lelchook* by Judge Lamberth under AOW based on the court's opinion in *Kaplan v. CBI. Kaplan v. Hezbollah*, 09-cv-646 (D.D.C.)(DE #50). Oral argument before the D.C. Circuit in both *Kaplan v. CBI* and *Kaplan v. Hezbollah* is right around the corner on September 12, 2017. If *Kaplan v. CBI* or *Kaplan v. Hezbollah* is upheld, the simultaneous unappealed dismissal in 2013 of *Lelchook* should result in dismissal of the case as refiled before this Court, and without the need for any jurisdictional discovery. Otherwise, this Court will be effectively reviewing the earlier dismissal of this case based on AOW with prejudice by a sister District Court. In short, a principal reason not to order early discovery is because this case was already dismissed under *Kaplan v. CBI.*

---

[1] *Kaplan v. Hezbollah,* No. 09-cv-646 (D.D.C.) was filed before *Kaplan v. CBI*, but became a companion case to *Kaplan v. CBI* and assigned to the same District Judge as a related case. *Hezbollah* involves many of the same plaintiffs, essentially the same claims and the same events of the 2006 Second Lebanon War.

In this respect, there can be no argument that *Lelchook* and *Kaplan v. CBI* are not closely related and essentially the same case. Both involve the same defendants, and claim injuries arising from the Rocket Barrage during the Second Lebanon War in July and August 2006. They involve the same operative facts, and virtually identical complaints. Plaintiffs stayed *Lelchook* pending the result of motions filed in *Kaplan v. CBI*. *Kaplan*, DE ##3-4. The District Court treated them as related and resolved *Lelchook, Kaplan v. CBI* and *Kaplan v. Hezbollah* at the same time. In filing *Lelchook* in the D.C. District Court, plaintiffs themselves designated *Lelchook* and *Kaplan v. CBI* as related cases. *Lelchook*, (D.D.C.), DE #2. See Attachment 1.

There is little doubt that *Kaplan v. CBI* or *Kaplan v. Hezbollah* will reach the issue of AOW that determined *Lelchook* as well. AOW is a central issue in both the appeals of *Kaplan v. CBI* and *Kaplan v. Hezbollah*. In *Kaplan v. CBI*, the question of the appealability of the dismissal due to plaintiffs' failure to timely file a notice of appeal is also a central issue. If the D.C. Circuit does not address AOW in *Kaplan v. CBI*, it can be expected to do so in *Kaplan v. Hezbollah*.

There is a second persuasive reason. Plaintiffs assert specific (and not general) personal jurisdiction over defendant BSPLC. This means that jurisdictional discovery here is necessarily just a part of standard discovery. Personal jurisdictional discovery here is not distinct from standard discovery as it would be when general jurisdiction is at issue. There is no reason to now advance to standard discovery--not in advance of Rule 12 motions--and particularly given *Lelchook's* prior dismissal and the pendency of the *Kaplan* cases on appeal.

Third, motions on personal jurisdiction have already been prepared, briefed, filed, argued and submitted to the District Court in Massachusetts in this case—and without any such

-3-

jurisdictional discovery.  Plaintiffs' requests there for such early discovery were not granted. *Lelchook* (D. Mass.), DE #128 at 2.  This Court should follow the same course.

### B. Hypothetical Jurisdiction Does Not Require Discovery Now

In other papers filed with this Court and at oral argument on May 10, 2017, plaintiffs claimed that jurisdictional discovery is now required to address the issue of hypothetical jurisdiction--the doctrine that a court must determine its power over the case (subject matter and personal jurisdiction)--as a predicate to further proceedings. *Lelchook* (E.D.N.Y.)*,* DE #119 at p.2.   Such jurisdictional discovery is not required here on such grounds, however, for several reasons.  We know the Court is aware of the parties' fully briefed hypothetical jurisdiction arguments from the *Kaplan v. CBI* appeal, and will not repeat them here in detail.

Hypothetical jurisdiction is not at issue when judicial power is being exercised over any of the defendants, as is the case here.  *Chevron v. Naranjo*, 667 F.3d 232, fn 17 (2d Cir. 2012.  *Lelchook* (D. Mass.), DE ##86 (IRI), 65 (CBI), 44 (BSI).  Further, whatever hypothetical jurisdiction may require, it has been met by Judge Saris' existing opinion and order finding at the threshold "plausible" and "likely" personal jurisdiction over BSPLC.  *Lelchook* (D. Mass.), DE #110.  Personal jurisdiction, though waivable, is not finally determined at the pretrial stage.  It can be lost in the course of discovery, at trial unless proved by preponderance of the evidence or on appeal.  *Sokolow v. PLO*, 835 F.3d 317 (2d Cir. 2016).  The point is that the issue of the Court's power has not been elided or pretermitted.  The contrary is true.  The existing record provides ample basis for satisfaction of the requisite "threshold" inquiry.  *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

Additionally, there is no decisional sequencing between issues of subject matter jurisdiction and any threshold finding of possible personal jurisdiction.  *Id.* at 578.  AOW is an

-4-

issue of subject matter jurisdiction, and *Lelchook* should be resolved on that basis under *Kaplan v. CBI* in the first instance.  Whether sua sponte or under Rule 12(b)(1), the District Court should dispose of this case on subject matter jurisdiction grounds and without any consideration of the complex issues presented by personal jurisdiction under Rule 12(b)(2), which remains contested by BSPLC.  Such an approach fully aligns with the dictates of *Ruhrgas*.

In *Ruhrgas*, the Supreme Court expressly directed that "in most instances subject-matter jurisdiction will involve no arduous inquiry….  In such cases, …the federal court should dispose of that issue *first* [before personal jurisdiction**]**."  Id. at 587-588 (emphasis).  Further, the fact that this same issue of hypothetical jurisdiction is a direct issue in the *Kaplan* v. *CBI* appeal additionally supports the defense's position that there be no discovery pending the imminent *Kaplan v. CBI* AOW ruling on which the *Lelchook* dismissal was predicated, as well as *Kaplan v. Hezbollah*.

In light of the pending rulings in both *Kaplan* cases, this Court should await these decisions to determine the next steps, if any to take in *Lelchook*.  In short, this case should continue to be stayed pending *Kaplan*.  There should certainly be no jurisdictional discovery in the interim given that this case has already been twice dismissed under *Kaplan*.

      C.    There Should be no Discovery

Plaintiffs claim that the discovery they seek should be inexpensive and easy for BSPLC.  Like any financial institution, the provision of discovery to third parties such as plaintiffs is an issue of moment for BSPLC, and should not be ordered lightly.  The discovery sought is for a six-year period in seven categories.  The period of time commences in 2001, which is more than 16 years ago.  The discovery requests therefore anticipate an extensive data and hard copy collection of very old ESI and documents.  Six of the seven requests are for "all documents" in the designated categories.  This means both ESI and hard copy retrieval, and

examination of the results for responsiveness and completeness.  Foreign language documents would complicate the matter considerably, as well as the costs.  We are reluctant to estimate total expense of an ESI and hard copy search, but on its face, this will not involve only nominal costs in terms of effort or cost.  It surely would easily cost many tens of thousands of dollars for US and UK counsel to undertake this effort.

In their papers, plaintiffs claim in essence that the court already decided that some jurisdictional discovery should be ordered.  Not so.  Tr. May 10, 2017 at 140.  It is in this context that plaintiffs with their discovery requests beckon BSPLC to answer what discovery might BSPLC accede to.  The answer is that-- given that this case has been dismissed with prejudice-- discovery is inherently burdensome, and no discovery should be ordered.  The categories of discovery sought all go to the merits of plaintiffs ATA's cause of action and should be discovered, if at all, when such discovery processes could be ripe after resolution of the *Kaplan* cases.  It is in that context that precise objections to the proposed discovery should be heard only when necessary, if at all.  Those are the obvious principal ones that the requests variously are not limited as to Hezbollah, fail to be adequately limited to US activity, go to merits issues— arguably such as mental state, or are requests simply in search of a possible basis for personal jurisdiction.  These should not be addressed at this time.  There are persuasive reasons to believe that no discovery will ever be needed.  Discovery should not be ordered as a mere matter of expediency.

D. Court Should Continue the Stay through Resolution of *Kaplan* Cases

Plaintiffs can hardly contend that BSPLC's position to await *Kaplan* is inappropriate or unreasonable, as they now seek to do in their papers.  When these same matters were raised with the Court in oral argument, plaintiffs stated "if the Court would say why don't we wait and see what the D.C. Circuit decides—I'm not moving for that but I couldn't say it was

-6-

unreasonable." Tr. May 10, 2017 at 19. This middle ground is a better approach to plaintiffs' motion than ordering early and unnecessary discovery on an issue that should only be addressed after AOW and subject matter jurisdiction.

Nor can plaintiffs justifiably complain about the timing. They first filed this case in 2010 in D.C., and stayed it pending *Kaplan v. CBI*. They left it on the docket for three years until its dismissal under the *Kaplan v. CBI* opinion. In 2014, they inexplicably refiled it in D.C., left it on the docket again, and apparently never served any defendants. *Kaplan v. CBI* (D.D.C.), DE #29. The D.C. Court again dismissed the action. After evidently getting the idea that Chief Judge Lamberth was not hospitable to their case, plaintiffs refiled it a third time at the end of 2015, but this time in Massachusetts where there was demonstrably no basis for jurisdiction.

In seeking a stay pending *Kaplan*, BSPLC is not currently seeking a ruling on the merits of its claims, defenses or Rule 12 motions for this Court. Dispositive motions are for the District Court. Instead, BSPLC is seeking to await the *Kaplan* decisions to determine if discovery is necessary at all. In 2010, plaintiffs stayed *Lelchook* pending motions in *Kaplan*. With *Kaplan* on appeal, the same approach should now be taken with respect to jurisdictional discovery.

Dated: August 18, 2017

Respectfully submitted,

/s/ Jeremy D. Frey
PEPPER HAMILTON LLP
Jeremy D. Frey (pro hac vice)
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103

*Attorneys for Defendant Bank Saderat PLC*

#45015813 v4

## CERTIFICATE OF SERVICE

I, Jeremy D. Frey, hereby certify that a true and correct copy of the Memorandum in Opposition to Plaintiffs' Motion for Jurisdictional Discovery was served electronically via the Court's ECF system upon:

>Marna F. Berkman
>Robert J. Tolchin
>The Berkman Law Office, LLC
>111 Livingston Street
>Suite 1928
>Brooklyn, New York  11201
>Telephone: (718) 855-3627
>
>*Attorneys for Plaintiffs*
>
>/s/ Jeremy D. Frey
>Jeremy D. Frey

August 18, 2017