```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK

------------------------------X  Docket#
LELCHOOK, et al.,             :  16-cv-07078-ILG-RLM
          Plaintiffs,         :
                              :
  - versus -                  :  U.S. Courthouse
                              :  Brooklyn, New York
                              :
ISLAMIC REPUBLIC OF IRAN,     :
          et al.,             :
          Defendants          :  August 10, 2018
------------------------------X

    TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
         BEFORE THE HONORABLE ROANNE L. MANN
            UNITED STATES MAGISTRATE JUDGE
```

**A   P   P   E   A   R   A   N   C   E   S:**


**For the Plaintiff**:      **Robert Joseph Tolchin, Esq.**
                            The Berkman Law Office, LLC
                            111 Livingston Street
                            Ste. 1928
                            Brooklyn, NY 11201


**For the Defendant**:      **Jeremy D. Frey, Esq.**
                            Pepper Hamilton LLP
                            3000 Two Logan Square
                            Philadelphia, PA 19103




**Transcription Service**:  Transcriptions Plus II, Inc.
                            61 Beatrice Avenue
                            West Islip, New York 11795
                            laferrara44@gmail.com



Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

```
                                                                 2
                         Proceedings
 1              THE COURT:  Counsel, this is Judge Mann on the
 2   line.
 3              MR. TOLCHIN:  Yes, hi.
 4              MR. FREY:  Hi, Judge.
 5              THE COURT:  I'm conducting a telephonic hearing
 6   in Lelchook v. the Islamic Republic of Iran, et al., 16-
 7   cv-7078.
 8              Do I have plaintiff's counsel on the line?
 9              MR. TOLCHIN:  Yes, you do, your Honor.  Robert
10   Tolchin.  Are we on the record?
11              THE COURT:  We are.
12              MR. TOLCHIN:  Okay, thank you.
13              THE COURT:  Mr. Tolchin, anyone else for
14   plaintiffs?
15              MR. TOLCHIN:  No, just me.
16              THE COURT:  And for the defendant, Bank Saderat
17   PLC.
18              MR. FREY:  Correct, Jeremy Frey.
19              THE COURT:  All right.  Thank you both for
20   making yourselves available on short notice to the Court.
21              Mr. Tolchin, I assume that you have seen the
22   defense counsel's motion to withdraw which was filed
23   after the Court had set up this hearing.
24              MR. TOLCHIN:  Yes, I quickly read it.
25              THE COURT:  And you previously had asked for, I
```

                                                                  3
                            Proceedings

 1   believe it was four days in which to respond.
 2             MR. TOLCHIN:  I believe I said four business
 3   days but, yes.
 4             THE COURT:  All right.  Before I rule on that,
 5   I would like a little more information about the status
 6   of not only this proceeding but other related
 7   proceedings.
 8             Mr. Tolchin, has any -- I take it the mandate
 9   hasn't issued from the D.C. circuit, so that the cases
10   have not been returned to the district court in D.C.?
11             MR. TOLCHIN:  Your Honor, I think that is
12   correct, but I don't -- I wouldn't want to make a
13   representation as to whether the mandate has or has not
14   issued as of this moment without checking the docket.
15             THE COURT:  And since you originally had a case
16   that was filed in D.C. that was dismissed on the basis of
17   the now reversed decision in Kaplan (ph.), what is -- do
18   you have any intention with respect to whether or not you
19   will be seeking to resurrect that case?
20             MR. TOLCHIN:  To resurrect the actual case
21   where we won the appeal or are you talking about a
22   different case?
23             THE COURT:  No, I am talking about the -- I
24   should have been more explicit, the Lelchook case.
25             MR. TOLCHIN:  No, we definitely will seek to

Proceedings

4

1 resurrect that in some form.  We've been debating
2 internally what's the best vehicle for that but we're
3 certainly not walking away from it.
4             THE COURT:  Well, you say in some form, I am
5 trying to get a sense of whether or not this case is
6 going to remain in this court, whether it's going to be
7 pursued in D.C. or some other district because the
8 Lelchooks have a similar case pending in the Southern
9 District of New York, is that correct?
10            MR. TOLCHIN:  Your Honor, let me just jump back
11 to what you asked me a moment, while you were talking I
12 pulled up the docket and there was an order there saying
13 that the Court withhold issuing the mandate until seven
14 days after disposition of any timely petition from the
15 hearing.  That was a July 20th order.  So I guess they're
16 waiting out the times for somebody to petition for a
17 hearing, which I guess is imminent.
18            All right, but the Lelchooks, if I recall
19 correctly, they have a case perhaps against different
20 defendants pending in the Southern District of New York.
21            MR. TOLCHIN:  They don't have anything pending.
22            THE COURT:  All right.  Then I misunderstood.
23            MR. TOLCHIN:  They don't have any case pending
24 right now.  There was a case that was dismissed which
25 could be resurrected but not something pending.

5

Proceedings

1    THE COURT:  Well, then let's focus on the
2 Eastern District of New York case and the D.C. case which
3 really are the same case.  At oral argument a year ago, I
4 had asked if Kaplan were reversed on appeal, would you be
5 pursuing the case in D.C. and you said that if Kaplan
6 were reversed on appeal, you would imagine you would then
7 go back to Judge Lambert and say your order in Lelchook
8 relied on Kaplan.  Kaplan has now been reversed, so let's
9 revisit the cases.
10         Has a decision been made as to whether or not
11 this case is going to proceed in the Eastern District of
12 New York?
13         MR. TOLCHIN:  If this case against Bank Saderat
14 is certainly going to proceed.
15         THE COURT:  Was Bank Saderat a defendant in
16 D.C.?
17         MR. TOLCHIN:  Yes, but they didn't answer.
18 That was the whole issue.  They were kind of a defendant.
19         THE COURT:  All right  Mr. Frey, during our
20 oral argument, after your client had prevailed in the
21 district court in D.C., you were relying very heavily on
22 the district court's decision in that case and indeed,
23 you've said there's already been a ruling in this case
24 with respect to these plaintiffs that act of war governs
25 this cause of action.

                                                                6
                            Proceedings

1            This case has already been dismissed, not once
2    actually but twice in the D.C. circuit.  So you were
3    treating this as the same case as in D.C.  Now the
4    district court's decision has been reversed, is the
5    position the same?
6            MR. FREY:  I have no reason to think it is any
7    different.
8            MR. TOLCHIN:  Judge, Robert Tolchin, if I may
9    jump in for one second.  There's a big difference.  It's
10   not the same case.  Lelchook is not a party in D.C.  I
11   mean it may have similar facts or similar occurrences but
12   Lelchook is not in that case.
13           THE COURT:  I thought Lelchook was a plaintiff
14   in a companion case that Judge Lambert sua sponte
15   dismissed based on --
16           MR. TOLCHIN:  No.
17           THE COURT:  -- Kaplan.
18           MR. TOLCHIN:  No, that was --
19           MR. FREY:  Yes, that's correct, your Honor.
20           MR. TOLCHIN:  If that is correct, then it's
21   more than I remember.
22           MR. FREY:  Yes, it's correct.
23           THE COURT:  Well, I must say that based on what
24   has transpired in D.C., if this case were to proceed in
25   this district, I would be inclined to grant the motion

```
                                                                    7
                            Proceedings
 1   for discovery regarding personal jurisdiction.
 2              But now the intervening event is defendant's
 3   motion to withdraw.  The motion indicates that the client
 4   has discharged Mr. Frey and his firm and has advised that
 5   it does not intend to participate in the proceedings in
 6   the above case.
 7              So do I understand correctly that Mr. Frey,
 8   that the bank will be defaulting?
 9              MR. FREY:  I think to the extent you're raising
10   any potential remedy that might be available in the event
11   it does not further -- it takes no further action which
12   is my understanding that it will be taking no further
13   action, there could be a variety of results.  So it's
14   certainly a default is among those that I think the law
15   provides.
16              MR. TOLCHIN:  Judge, if I may, while we were
17   talking, I checked and I want to confirm to you that
18   there was a case, Ester Lelchook v. Central Bank of Iran,
19   et al., which was dismissed without prejudice in
20   Washington -- in D.C.
21              THE COURT:  I didn't remember that it was
22   without prejudice but in any event --
23              MR. TOLCHIN:  It was without -- it was
24   dismissed because of a lengthy delay without the
25   defendants being served.
```

Proceedings

8

1  MR. FREY:  It was dismissed based on Kaplan.
2  THE COURT:  Well, we don't need to resolve that
3 now and in any event, that is a decision that will have
4 to be made, presumably in another forum if that case is
5 going to proceed.
6  But I want to get back to my inquiry of Mr.
7 Frey, the fact that the bank has discharged counsel.  I
8 take it you have no reason to believe that they're not
9 seeking to dismiss you and file a substitution of counsel
10 or be afforded a brief period of time to retain new
11 counsel.  Your understanding is they've discharged your
12 firm because they do not intend to proceed any further,
13 correct?
14  MR. FREY:  Precisely, your Honor.  Correct.
15  THE COURT:  And I want to make sure that they
16 understand that if I were to grant the motion, that they
17 would not in any event, be permitted to proceed without
18 counsel in federal court.  That, in and of itself, would
19 be a basis for entering a default judgment and I further
20 want to make sure that they understand that under Second
21 Circuit case law, if they default, even though they may
22 have raised an issue of lack of personal jurisdiction,
23 that in this circuit, that could be deemed a forfeiture
24 of any defense based on personal jurisdiction.
25  So I want to make sure that they understand

9

Proceedings

1    that and my preference would be to communicate with the
2    client, so that the client understands the ramifications
3    of discharging counsel and/or defaulting.
4             MR. FREY:  Uh-hum.
5             THE COURT:  So I take it you do not -- your
6    client does not -- in the United States, is it possible
7    to arrange a telephonic hearing in which your client will
8    participate?
9             MR. FREY:  So, your Honor, if you want to give
10   me some time, considering that it's in August, I will be
11   happy to inquire and revert on that issue.
12            THE COURT:  All right.  How much time do you
13   need for that?
14            MR. FREY:  Well, let's plan that we should get
15   back to you no later than next Friday.
16            THE COURT:  All right.  And Mr. Tolchin, you
17   had asked for, as you said now, four business days to
18   respond.  So that would be next Thursday.
19            MR. TOLCHIN:  That would be correct, yes.
20            THE COURT:  All right.  So I will give you the
21   time that you need.  You had -- without precluding you
22   from raising other issues, you had indicated in
23   requesting the four days that if the motion to withdraw
24   were granted, you would want that to be with certain
25   conditions attached.  Do you want to share what you had

```
                                                                10
                          Proceedings
```

1  in mind?
2              MR. TOLCHIN:  Well, one of them we're concerned
3  about not being able to -- not having a place to serve
4  any orders or judgments that might flow from this case.
5  You know, if they are discharged as their attorney, we
6  feel that it ought to be conditional on designating
7  somebody or somewhere as to the address where any orders
8  or anything that needs to be served can be sent and
9  indeed received.
10             Serving things on Irani entities in Iran, is
11 extraordinarily frustrating.  They have to become adept
12 at refusing delivery of DHL and FedEx packages
13 (indiscernible) legal.  I believe they usually come back
14 to me having been opened and retaped.  So they open it
15 and look inside and say oh, we refuse and send it back
16 (indiscernible).
17             It could be that Mr. Frey might be the -- you
18 know, might have a residual role in the case of being the
19 person who receives documents and forwards them onto his
20 former clients.  It just doesn't -- you know, we are
21             But what sit with irony with us is that all
22 these years, the defendants have been trying to get this
23 case dismissed through various motions and argument and
24 if they had been dismissed, that would have been it.  Our
25 clients would have been (indiscernible), it would have

11

Proceedings

1 been binding.
2     Now they are saying okay, we've played so far
3 but now we're going to take our marbles and go home and
4 we don't want to be in the position where this far down
5 the road, we can't finality ourselves because it's hard
6 or it's difficult to serve papers on them.  That's one
7 main -- major condition that we had internally been
8 discussing.
9     THE COURT:  Anything else --
10     MR. TOLCHIN:  Quite often -- the other thing is
11 that often when attorneys are discharges, the cases is
12 stayed and they're given an opportunity to find another
13 lawyer but that really wouldn't be appropriate in this
14 situation at all because let's just say that they don't
15 want to continue, not that they're looking for another
16 lawyer.
17     THE COURT:  Well, and that was something that I
18 already addressed with Mr. Frey and it does not appear
19 that the client will be seeking to bring in new counsel.
20 The client is -- to the extent it doesn't have a change
21 of heart is at you put it, taking its marbles and going
22 home.
23     And while I said that I believe in light of the
24 case law both in the D.C. circuit, as well as Judge
25 Pollak's report and recommendation in the Freeman case

                                                                12
                            Proceedings

1  pending in this district, that I would at this point be
2  prepared to grant the motion for jurisdictional discovery
3  but it seems to me, it may be unnecessary if we're going
4  to be faced with a default situation and a forfeiture of
5  any defense based on lack of personal jurisdiction.
6            So Mr. Frey, is there anything you want to say
7  in response to Mr. Tolchin's concern about not having
8  someone on whom to serve orders and judgment?
9            MR. FREY:  Judge, honestly I feel constrained
10 because I am without authority.  So I think the answer
11 must be no.
12           THE COURT:  I'm sorry, the answer is no you
13 don't -- you're not aware of any such --
14           MR. FREY:  No, the answer is no, I am
15 constrained in making a response.
16           THE COURT:  Well, it is something that I think
17 ought to be addressed.  There may be other issues that
18 Mr. Tolchin will raise in his submission to the Court on
19 Thursday.  And I would urge you to -- Mr. Tolchin, to get
20 that in as soon as possible, so that Mr. Frey can discuss
21 its contents with the client but normally, if an attorney
22 makes a motion to withdraw and assume a situation where
23 we're dealing with an individual defendant, as opposed to
24 an entity, the Court would insist that if -- that there
25 be -- that the withdrawing attorney provide the Court

```
                                                             13
                         Proceedings
 1  with information, so that the client can be contacted
 2  directly.
 3            This is not a ruling that I am making now but I
 4  certainly do share Mr. Tolchin's concern.  So it's
 5  something you should discuss with your client.
 6            All right.  Is there anything else?
 7            MR. TOLCHIN:  No, thank you, your Honor.
 8            THE COURT:  Mr. Frey?
 9            MR. FREY:  From the defendant, your Honor.
10            THE COURT:  Okay, thank you.
11            MR. TOLCHIN:  Thank you for making time for us.
12            THE COURT:  Yes, goodbye.
13                  (Matter concluded)
14                       -o0o-
15
16
17
18
19
20
21
22
23
24
25
```

14

# CERTIFICATE

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **13th** day of **August**, 2018.

*Linda Ferrara*
Linda Ferrara

AAERT CET**D 656
Transcriptions Plus II, Inc.