IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

ESTER LELCHOOK, *et al.*,

                Plaintiff,                  Civ. No.
                                                      16-CV-7078 (ILG) (rlm)
       -against-

THE ISLAMIC REPUBLIC OF IRAN, *et al.*,

                Defendants.

---------------------------------------------------------------------X

### PLAINTIFFS' MEMORANDUM IN CONDITIONAL OPPOSITION TO DEFENSE COUNSEL'S MOTION TO WITHDRAW

Plaintiffs respectfully request that the Court refrain from granting the Motion to Withdraw (DE 135) filed by Pepper Hamilton LLP, counsel for defendant Bank Saderat PLC ("BSPLC") unless and until certain conditions, detailed below, are fulfilled. *See, e.g. Emile v. Browner*, 1996 WL 724715, at *2 (S.D.N.Y. Dec. 17, 1996) (noting that it is "well within the Court's discretion" to impose conditions on withdrawal of counsel, and collecting cases).[1]

---

[1] During the telephonic conference on August 10, 2018, the Court asked plaintiffs' counsel about the Lelchooks' other cases and about the *Kaplan* case against BSPLC in the District of Columbia. Upon reviewing the transcript, it seems that plaintiffs' counsel misunderstood the Court's questions and misspoke in reply. To clarify: (1) the Lelchooks had an ATA action in the SDNY, *Lelchook v. Commerzbank*, 10-cv-5795. After Judge Hellerstein denied a motion to dismiss, that action was dismissed by joint stipulation; (2) the D.C. district court dismissed the Lelchooks' ATA case against BSPLC "for the reasons given in" *Kaplan* without specifying with or without prejudice. *Lelchook*, 10-cv-1184 (D.D.C.), DE 11. Whatever the district court's intent, the D.C. Circuit's *Kaplan* decision shows that that dismissal resulted from improper assumption of hypothetical jurisdiction, and that the district court erroneously shifted to plaintiffs the burden of disproving the "act of war" exception, an affirmative defense. *Kaplan*, 2018 WL 3490072, at *8 (D.C. Cir. July 20, 2018) ("the exception becomes salient only

*(continued next page)*

**ARGUMENT**

During the August 10, 2018, telephone conference, the Court noted that by refusing to participate further in this case BSPLC will both waive its personal jurisdiction defense and subject itself to entry of default judgment, and requested to personally communicate these facts to BSPLC directly. (Tr. Aug. 10, 2018 at 8-9, "my preference would be to communicate with the client, so that the client understands the ramifications of discharging counsel and/or defaulting."). The Court repeated this directive in its post-conference Minute Entry (DE 136, "Defense counsel is directed to confer with the client in order to set up a telephonic hearing with the Bank regarding the motion to withdraw.").

In response, on August 16, 2018, defense counsel filed a letter stating that "BSPLC has advised respectfully that it will not participate further in these proceedings and cannot participate in a telephonic hearing." (DE 138 at 1). Defense counsel represents, however, that the Court's August 10, 2018 Minute Entry was provided to BSPLC, and that "BSPLC has been advised that the entry of a default judgment of the Court establishing plaintiffs' claims against BSPLC in this case is 'an obvious consequence of the decision to no longer defend the lawsuit.'" (DE 138 at 1-2) (quoting *City of New York v. Mikalis Pawn Shop, LLC*, 645 F.3d 114, 122 (2d Cir. 2010)).

Plaintiffs are concerned by BSPLC's refusal to participate in a telephone call with the Court, and with defense counsel's failure to specify who "advised" BSPLC about the

---

if the act in question qualifies as 'an act of international terrorism' in the first place."). *Cf. Gill v. Arab Bank*, 891 F. Supp. 2d 335, 368 (E.D.N.Y. 2012) (ATA "act of war" exception "merely provides ATA defendants with an affirmative defense."); (3) the Lelchooks do not anticipate further proceedings in the D.C. case against BSPLC. Judge Saris ruled that the Lelchooks' case against BSPLC belongs in this Court. DE 110. And, as the Lelchooks showed even **before** the reversal of *Kaplan*, the D.C. dismissal has no preclusive effect. *See* Plaintiffs' Reply, Feb. 8, 2017, DE 119 at 2-3. In any event, preclusion itself is an affirmative defense, which BSPLC waives by defaulting.

consequences of its refusal to participate in this litigation, and which officer(s) of BSPLC were so advised and received a copy of the Minute Entry. In the case cited by defense counsel, *City of New York v. Mikalis Pawn Shop*, 645 F.3d 114, the Second Circuit attached weight to the fact that the district court had communicated the ramifications of a default to the defendant corporation and to the defendant's principal officer.

Accordingly, plaintiffs respectfully request that the Court direct defense counsel, as a condition of withdrawal, to submit a sworn affidavit (1) identifying by name and position the BSPLC officer(s) who received a copy of the Minute Entry and were advised about the consequences of BSPLC's decision, and (2) identifying by name and position the person(s) who so "advised" BSPLC and its officers. Plaintiffs do not doubt the veracity of defense counsel's representations. However, they do not want to be in the position, months or years down the road, of having BSPLC dispute the representations contained in the unsworn letter from Pepper Hamilton, and claim ignorance of the ramifications of its decision. A sworn filing identifying who provided and received this information and the Court's Minute Entry will greatly reduce the risk of any such future dispute.

Pepper Hamilton has also informed the Court that it objects to receiving service for BSPLC once its withdrawal is approved by the Court. (DE 139). Rather than litigate this point, plaintiffs request that the Court direct Pepper Hamilton, as a condition of withdrawal, to provide the Clerk of the Court and the plaintiffs with a current mailing address for BSPLC in the United Kingdom, so that plaintiffs and the Clerk can serve papers and orders on BSPLC to the extent required and in the manner permitted by Rule 5(b)(2)(C) and Rule 77(d) of the Federal Rules of Civil Procedure. Pepper's letter states that such an address exists, but coyly refrains from

providing it. (DE 139 at 2) ("BSPLC's address in the United Kingdom (where it is a chartered financial institution) is public and of record.").

The Court should not accept such evasiveness. There has been no divorce between Pepper Hamilton and BSPLC. Pepper continues to represent BSPLC before this court in *Freeman v. HSBC Holdings*, Civ. No. 14-6601 (E.D.N.Y.), and filed papers on behalf of BSPLC in that case as recently as August 14, 2018. *Id*. at DE 169. Pepper also remains counsel of record for BSPLC in the *Kaplan* litigation in the District of Columbia. Thus, Pepper obviously has BSPLC's current and valid UK mailing address at its fingertips and should be ordered to provide it as a condition of withdrawal. Plaintiffs should not have to guess at the correct address and thereby open themselves to future challenges by BSPLC. *See Seisay v. Compagnie Nationale Air France*, 1996 WL 38844, at *1 (S.D.N.Y. Feb. 1, 1996) ("counsel's motion to withdraw is granted. The only condition to that withdrawal is that counsel immediately serve a copy of this Opinion and Order on Mr. Seisay, file an affidavit of such service, and provide defendant's counsel and the Court with an address and telephone number for plaintiff."); *Jordan Int'l Co. of Delaware v. M.V. "CYCLADES,"* 1990 WL 103956, at *1 (S.D.N.Y. July 19, 1990) ("Thalassa's Rule\ 3(c) motion is denied without prejudice to its resubmission if counsel shall…provide counsel for the other parties with the names and addresses, including telephone, telex and telefax numbers of Thalassa's corporate officers, directors and the Master and Chief Mate of the M.V. "Cyclades" for the voyage in suit.").

Finally, and relatedly, plaintiffs respectfully request that Pepper be required, prior to being released from representation in this case, (1) to inform BSPLC that the BSPLC mailing address provided to plaintiffs and the Clerk of the Court for the purpose of this action shall remain in force indefinitely, unless and until BSPLC provides an alternative address in the U.S.

or UK, and (2) to submit an affidavit confirming compliance with (1) and identifying the officer(s) of BSPLC to whom this ruling was transmitted.

Imposing such a requirement will ensure that BSPLC bears the burden of notifying the Court and the plaintiffs of any change of address (e.g., if it relocates its offices in London), and will prevent any future claim by BSPLC that papers were served on an invalid address.

**WHEREFORE**, the Court should Court should refrain from granting Pepper Hamilton LLP's Motion to Withdraw (DE 135), unless and until the conditions above have been fulfilled.

Dated:   Brooklyn, New York
            August 16, 2018

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiffs*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627