

3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103-2799
215.981.4000
Fax 215.981.4750

August 23, 2018

VIA ECF

Hon. Roanne L. Mann
Chief Magistrate Judge
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   <u>Lelchook, et al. v. Islamic Republic of Iran, et al., 1:16-cv-07078-ILG-RLM</u>

Dear Judge Mann:

      This Firm has represented defendant Bank Saderat PLC ("BSPLC") in the above case.

      Plaintiffs' counsel has filed a proposed portion of an order granting this Firm's mandatory Motion to Withdraw in this case.  We are in substantial agreement with plaintiffs' version but the inclusion of ¶1c in the proposed Order is redundant of ¶¶1b and 2.  Paragraph 1b tracks the representations of defense counsel provided to the Court in our filed letter of August 16, 2018.  I have also taken the liberty of fixing some typos and improved some grammar. Defense counsel's revised version is attached.

      Thank you for your attention to this matter.

      Respectfully submitted,

      Jeremy D. Frey (admitted *pro hac vice*)

cc:    All counsel of record via ECF

1)      Mr. Frey shall file with the Court and serve on plaintiffs' counsel by ECF a sworn affidavit or a declaration executed pursuant to 28 U.S.C. § 1746 setting forth the following information:

a)      BSPLC's current mailing address in the United Kingdom, as well as contact information for Dr. Borhani, BSPLC's Managing Director.

b)      The full name(s) and position(s) of the BSPLC officer(s) (i) to whom Mr. Frey delivered copies of the Court's Minute Entry of August 10, 2018 (which stated, inter alia, that a default would "forfeit [the Bank's] defense of lack of personal jurisdiction"), the Court's Minute Entry of August 22, 2018, and this Memorandum Order, and the dates on which these documents were delivered; and (ii) who were advised by Mr. Frey that the entry of a default judgment of the Court establishing plaintiffs' claims against BSPLC in this case is "an obvious consequence of the decision to no longer defend the lawsuit," and the date such information was delivered. The Affidavit will specify the means by which the aforementioned documents were delivered and such communications were made (e.g., email, letter, telephone call, etc.).

2)      If new counsel does not enter an appearance in this case on behalf of defendant BSPLC within 21 days of the date of this Memorandum Order, BSPLC's default shall be entered under Fed. R. Civ. P. 55(a).