UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

ESTER LELCHOOK, *et al.*,

                Plaintiff,                Civ. No. 16-7078-ILG-RLM

            -against-

THE ISLAMIC REPUBLIC OF IRAN, *et al.*,

                Defendants.

---------------------------------------------------------------------- X

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT AND RELATED RELIEF

### Preliminary Statement

The Court has entered the default of defendant Bank Saderat PLC ("BSPLC") and found that BSPLC waived its previously-asserted personal jurisdiction defense. Accordingly, plaintiffs respectfully move, pursuant to Fed. R. Civ. P. 55(b)(2), to schedule a one-day hearing to prove their damages and, following that, to enter judgment by default against defendant BSPLC.

Plaintiffs and their counsel are all available on March 26, 27 and 28, 2019, and would be grateful if the Court's schedule permits holding the one-day hearing on one of these dates. Alternatively, to the extent that the Court finds that such relief would be expeditious and proper, plaintiffs respectfully request that it refer the damages inquiry, and the preparation of a report and recommendation on damages, to a magistrate judge of this Court.

### RELEVANT BACKGROUND

This a civil action for damages under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2331, *et seq.*, and related causes of action, arising from the murder of U.S. citizen David Martin Lelchook by the Hezbollah terrorist organization on August 2, 2006. The decedent was killed by a rocket

fired by Hezbollah, while riding his bicycle on a kibbutz in northern Israel. The plaintiffs are the estates of the decedent and his late mother,[1] and the decedent's widow, two daughters, and brother.

Plaintiffs alleged in their complaint, on the basis of multiple official statements issued by the U.S. Treasury Department, that BSPLC transferred at least $50 million to Hezbollah in the years immediately prior to Mr. Lelchook's murder. *See* DE 81 at ¶¶ 47-48; 110-113; 188; 199.

After first appearing and raising a personal jurisdiction defense, BSPLC then dismissed its counsel and informed the Court that it would no longer participate in this case. On August 23, 2018, the Court ordered that: "If new counsel does not enter an appearance in this case on behalf of defendant BSPLC within 21 days of the date of this Memorandum Order, BSPLC's default shall be entered under Fed. R. Civ. P. 55(a)." (DE 145 at 2). The 21-day period elapsed without new counsel appearing for BSPLC, and on September 28, 2018, the Clerk therefore entered BSPLC's default under Fed. R. Civ. P. 55(a).

BSPLC's willful default establishes its liability in this case, since "a party's default is deemed as an admission of all well-pleaded allegations of liability." *Trustees of the Local 813 Ins. Tr. Fund v. A.A. Danzo Sanitation, Inc.*, 2018 WL 4268907, at *3 (E.D.N.Y. Aug. 8, 2018), *report and recommendation adopted*, 2018 WL 4266038 (E.D.N.Y. Sept. 5, 2018). The allegations against BSPLC contained in plaintiffs' First Amended Complaint ("FAC") are detailed, extensive and extremely well-pleaded. DE 81, *passim*. As noted, they are based on information about

---

[1] Mr. Lelchook's mother, plaintiff Doris Lelchook, was alive when her son was murdered and when this case was filed, and passed away only on December 5, 2018. On February 14, 2019, the Court substituted Alexander Lelchook, as the Executor of the Estate of Doris Lelchook, as a plaintiff in place of the late Doris Lelchook. *See* Electronic Order, 2/14/2019.

BSPLC's provision of vast sums to Hezbollah, which was publicly disclosed by the United States Treasury. *Id*. at ¶¶ 47-48; 110-113; 188; 199.[2]

The Court must also ensure that it has personal and subject matter jurisdiction before entering default judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) ("Before a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant.") (brackets and citation omitted); *Hamburg-Sud N. Am., Inc. v. Bomix Industria de Embalagens Ltda.*, 2017 WL 9482108, at *4 (E.D.N.Y. Nov. 3, 2017), *report and recommendation adopted*, 2017 WL 6606896 (E.D.N.Y. Dec. 26, 2017) ("[B]efore a court grants a motion for default judgment, it may *sua sponte* assure itself that it has subject matter jurisdiction over the proceeding.").

There is no question that the Court has both personal jurisdiction over BSPLC and subject-matter jurisdiction over this action. On September 28, 2018, the Court entered an order finding that by first raising a personal jurisdiction defense and then abandoning this case, BSPLC "waived its personal jurisdiction defense." Order, 9/28/2018 (citing *Mickalis*, 645 F.3d at 135). And since this suit is brought under a federal cause of action, 18 U.S.C. § 2333, this Court has original subject-matter jurisdiction under 28 U.S.C. § 1331.

---

[2] BSPLC earlier asserted that this case should be dismissed under the ATA's "act of war" exception, 18 U.S.C. § 2336(a), and a significant part of plaintiffs' FAC addresses that issue. However, on October 3, 2018, the Antiterrorism Clarification Act of 2018 ("ATACA"), P.L. 115-253, was enacted. Section 2 of the ATACA amends the ATA to eliminate the "act of war" defense in new or pending ATA actions where the attack at issue was carried out by a designated "foreign terrorist organization." Hezbollah has been continuously designated a "foreign terrorist organization" since 1997. (*See* 62 FR 52650). Thus, the "act of war" exception is no longer relevant to this case.

Thus, all that remains for entry of default judgment against defendant BSPLC is to determine plaintiffs' damages, pursuant to Fed. R. Civ. P. 55(b)(2). "[A]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Trustees of the Local 813*, 2018 WL 4268907, at *4 (citation omitted).

Accordingly, the plaintiffs respectfully request to schedule a damages hearing. They anticipate that such a hearing will involve primarily the testimony of the four living plaintiffs, as well as between one and three additional damages witnesses, and can be completed in a single day. The plaintiffs and their counsel are all available on March 26, 27 and 28, 2019, and would be grateful if the Court's schedule permits holding the hearing on one of these dates.

Alternatively, if the Court finds that referring this matter to a magistrate judge would be more expeditious and/or is otherwise appropriate, plaintiffs respectfully request that it refer the damages hearing, and the preparation of a report and recommendation on damages, to a magistrate.

**WHEREFORE**, the instant motion should be granted.

Dated:   Brooklyn, New York
         February 28, 2019

                Respectfully submitted,

                THE BERKMAN LAW OFFICE, LLC
                *Attorneys for the Plaintiffs*

                by:  _____
                      Robert J. Tolchin

                111 Livingston Street, Suite 1928
                Brooklyn, New York 11201
                718-855-3627

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served on defendant Bank Saderat PLC as follows:

### BY FIRST CLASS MAIL TO:

Bank Saderat, PLC
5 Lothbury
London, EC2R 7HD
United Kingdom

### BY EMAIL TO:

borhani@saderat-plc.com

Dated:   Brooklyn, New York
         February 28, 2019

_____
Robert J. Tolchin