# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (718) 855-4696

July 2, 2019

Hon. Roanne L. Mann
Chief Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:　*Lelchook, et al. v. Islamic Republic of Iran, et al.*
　　　1:16-cv-07078-ILG-RLM

Dear Judge Mann:

On June 27, 2019, Judge Glasser entered a Memorandum and Order granting plaintiffs' motion for default judgment against defendant Bank Saderat PLC ("BSPLC") on liability, and referring the issue of damages to Your Honor to hear and determine. (DE 156).

The plaintiffs also have an action pending under the terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, against the Syrian Arab Republic ("Syria") in the U.S. District Court for the District of Columbia. *Lelchook, et al v. Syrian Arab Republic,* 16-cv-1550-RC-RMM (D.D.C.). Plaintiffs are represented in that action by separate counsel.

On March 25, 2019, while the plaintiffs' motion for default judgment against BSPLC was pending before Judge Glasser, the D.C. court entered a decision finding Syria (which also provides material support to Hezbollah) liable under the FSIA for the plaintiffs' injuries. *Lelchook,* 16-cv-1550, at DE 25. On April 8, 2019, the D.C. court directed the plaintiffs to submit written damages evidence by July 15, 2019, and stated that: "Upon reviewing Plaintiffs' submissions, the Court may schedule a hearing as necessary." *Id*., Minute Order, 4/8/2019.

Thus, the D.C. district court is already poised to determine the quantum of plaintiffs' damages in the context of their FSIA action against Syria.

Plaintiffs respectfully request to stay the damages determination in this case pending the determination of their damages in the FSIA action. The evidence of plaintiffs' damages in both cases is identical, and if the D.C. court orders a live damages hearing the transcript of the testimony could be presented to this Court. Moreover, though this action against BSPLC is brought under the Antiterrorism Act, 18 U.S.C. § 2333, while plaintiffs' action against Syria is brought under the

terrorism exception to the FSIA, courts hearing terrorism cases commonly consider and apply damages findings from ATA cases in FSIA cases, and vice versa. *See e.g. Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 2010 WL 11507790 (M.D. Fla. June 14, 2010) (using awards in prior FSIA and ATA cases interchangeably as guidance for determining award in ATA case); *Ungar v. Palestinian Authority*, 304 F. Supp. 2d 232, 267-77 (D.R.I. 2004) (same).

Further, it would be a waste of judicial resources, and an unnecessary and painful burden on the plaintiffs, to have their damages determined twice, by two different federal courts. *Cf. Rubin v. Hamas*, 2004 WL 2216489, at *3 (D.D.C. Sept. 27, 2004) ("The plaintiffs indicate that any evidence that they would present in the instant [ATA] case would be identical to the evidence presented in [their FSIA case against Iran] and that a second hearing 'would be a massive waste of judicial resources, and would needlessly force the plaintiffs to relive and reiterate the emotionally excruciating testimony previously given by them.' The court agrees. Accordingly, the court uses its previous findings of fact from [the FSIA case] to calculate appropriate damages.").

Accordingly, plaintiffs respectfully request that the Court stay the damages determination in this action pending the D.C. court's damages ruling. Following that ruling, plaintiffs anticipate submitting the damages evidence and findings from the D.C. action for Your Honor's consideration in this action.

We thank you for your consideration.

Respectfully yours,

Robert J. Tolchin

Cc: **BY FIRST CLASS MAIL AND EMAIL**
Bank Saderat, PLC
5 Lothbury London,
UK, EC2R 7HD
borhani@saderat-plc.com.