UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ESTER LELCHOOK, individually and as personal
representative of the Estate of David Martin Lelchook,
MICHAL LELCHOOK, YAEL LELCHOOK,
ALEXANDER LELCHOOK, individually and
as executor of the Estate of Doris Lelchook,

                                         Plaintiffs,                            **ORDER**

                                                                                  16-CV-7078 (ILG)

     -against-

**THE ISLAMIC REPUBLIC OF IRAN, THE
CENTRAL BANK OF THE ISLAMIC REPUBLIC
OF IRAN (a/k/a Bank Markazi Jomhouri Islami Iran),
BANK SADERAT IRAN, and BANK SADERAT, PLC,**

                                          Defendants.
------------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiffs Ester Lelchook, Michal Lelchook, Yael Lelchook, Alexander Lelchook, and the Estate of Doris Lelchook, family members of the decedent David Lelchook, bring claims pursuant to the Anti-Terrorism Act (the "ATA"), 28 U.S.C. § 2331, Israeli negligence laws, and Massachusetts tort law, against defendants Islamic Republic of Iran, Central Bank of the Islamic Republic of Iran, Bank Saderat Iran, and Bank Saderat, PLC ("BSPLC"). After entering a default judgment on liability against defendant BSPLC, the only defendant served in this action, the Honorable I. Leo Glasser referred the matter to this magistrate judge to report and recommend on the issue of damages. See Order (June 27, 2019) ("6/27/19 Order"), DE #156. Having reviewed plaintiffs' inquest submissions, the Court has identified several issues that require supplemental briefing.

First, Ester Lelchook, David's wife, and a foreign national, seeks to recover damages for her emotional distress, in her individual capacity, pursuant to section 2333 of the ATA. See Memorandum in Support (Dec. 24, 2019) ("Pl. Mem.") at 6, DE #163.  Plaintiffs argue that "courts in this district and across the country have held unanimously that the plain language of ATA § 2333 – which permits a claim by 'survivors' of U.S. nationals – provides a federal cause of action for the non-American family members (such as spouses) of Americans killed in acts of international terrorism."  Id.  However, District Judge Gregory H. Woods of the Southern District of New York recently concluded otherwise holding that the plain language of the statute did not "provide remedies for non-nationals claiming damages for personal injuries[,]" and dismissing ATA claims brought by foreign nationals, who were survivors of U.S. nationals killed in a terrorist attack.  See Averbach for Estate of Averbach v. Cairo Amman Bank, 19-cv-0004-GHW, 2020 WL 1130733, at *2 (S.D.N.Y. Mar. 9, 2020), adopting 2020 WL 486860 (S.D.N.Y. Jan. 21, 2020).

Assuming *arguendo* that Ester Lelchook, in her individual capacity, does not have a cause of action under the ATA, she may nevertheless be entitled to recover damages on account of BSPLC's negligence under Israeli law.  See 6/27/19 Order at 10.  Plaintiffs have not, however, addressed damages under Israeli law.  See Pl. Mem. at 5 n.2.

In addition, Ester Lelchook, as representative of the Estate of David Lelchook, seeks to recover economic damages caused by David's death.  See Pl. Mem. at 4.  In support, plaintiffs offer an expert forensic economic report that describes David's lost earnings and lost pension benefits.  However, plaintiff's expert provides no basis for his assumptions as to the decedent's

earnings or eligibility to receive pension benefits. See Expert Report of Chad L. Staller and Stephen M. Drips at 1, DE #162-6 (attached as Ex. F to Pl. Mem.) ("It has been expressed to us that Mr. Lelchook would have assumed a new role as the Account Manager of the Kibbutz at the time of its privatization."); id. at 4 ("It has been expressed to us that Mr. Lelchook would have been eligible to receive a pension benefit upon his age 67.0 in the amount of 5,000 ₪."). Expert opinions must be based on "sufficient facts or data," not on unsupported suppositions. See Fed. R. Evid. 702(b).

Finally, all or most of the plaintiffs have already been awarded damages and/or received settlement sums for the injuries alleged herein. See, e.g., Lelchook v. Syrian Arab Republic, Civil Action No.: 16-1550 (RC), 2019 WL 4673849 (D.D.C. Sept. 25, 2019); Lelchook v. Commerzbank AG, 10-cv-5795 (S.D.N.Y.). For each plaintiff, plaintiffs should (a) identify each case in which that person, as an individual or representative of an estate, has secured a judgment for damages and/or monetary compensation through settlement for such injuries, (b) specify the amounts awarded and/or received, and (c) address whether it is appropriate for the Court to apply an offset for amounts collected against those judgments/settlements. Plaintiffs should also brief the imposition of joint and several liability in the context of judgments entered in different districts.

Plaintiffs are directed to supplement their submissions via ECF, by June 15, 2020, to address the issues discussed above.

**SO ORDERED.**

**Dated:**   **Brooklyn, New York**
              **June 1, 2020**

    /s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**