Case 1:16-cv-07078-ILG-RLM   Document 180   Filed 02/18/22   Page 1 of 4 PageID #: 3478

Clerk's Office
File Date:
2/17/2022
U.S. DISTRICT
COURT-EDNY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESTER LELCHOOK, individually and as
personal representative of the Estate of David
Martin Lelchook, MICHAL LELCHOOK,
YAEL LELCHOOK, ALEXANDER
LELCHOOK, and DORIS LELCHOOK,

                Plaintiffs,

    - against -

THE ISLAMIC REPUBLIC OF IRAN, THE
CENTRAL BANK OF THE ISLAMIC
REPUBLIC OF IRAN (a/k/a Bank Markazi
Jomhouri Islami Iran), BANK SADERAT IRAN,
and BANK SADERAT, PLC,

                Defendants.
------------------------------------------------------------x

MEMORANDUM AND ORDER
16-CV-07078 (ILG) (RLM)

**GLASSER**, Senior United States District Judge:

Plaintiffs Ester Lelchook, individually and as representative of the Estate of David Martin Lelchook, Michal Lelchook, Yael Lelchook, Alexander Lelchook, and Doris Lelchook[1] (collectively, "Plaintiffs") brought claims pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2331 *et seq.* ("ATA"), Israeli negligence laws, and Massachusetts tort law against defendants the Islamic Republic of Iran, the Central Bank of the Islamic Republic of Iran, Bank Saderat Iran ("BSI"), and Bank Saderat, PLC ("BSPLC") (collectively, "Defendants"). Am. Compl. [ECF No. 81]. Following BSPLC's withdrawal of its counsel and failure to substitute new counsel, the Court

---

[1] Doris Lelchook, the mother of David Lelchook, died on December 5, 2018. On February 24, 2019, the Court substituted Alexander Lelchook, the Executor of Doris Lelchook's estate, a as plaintiff.

1

entered a default judgment against it and referred the issue of damages to Magistrate Judge Mann. *See Lelchook v. Islamic Republic of Iran*, 393 F. Supp. 3d 261 (E.D.N.Y. 2019).

In a thoroughly researched and well-reasoned Report and Recommendation, [ECF No. 177], Magistrate Judge Mann recommended

> that plaintiffs' motion for a default judgment be granted against BLSPC as follows: an award of (trebled) economic damages in the amount of $899,958 to Ester Lelchook, acting as the legal representative of David Lelchook's Estate; and (trebled) compensatory damages in the aggregate amount of $60,000,000, with $7,500,000 allocated to Alexander Lelchook, $15,000,000 allocated to the Estate of Doris Lelchook, and separate awards of $18,750,000 allocated to Michal and to Yael Lelchook, respectively. This Court further recommends that Ester Lelchook's individual claim under the ATA be dismissed.

*Lelchook v. Islamic Republic of Iran*, No. 16-CV-7078 (ILG) (RLM), 2020 WL 12656283, at *13 (E.D.N.Y. Nov. 23, 2020). Pursuant to Fed. R. Civ. P. 72(b)(2)-(3), plaintiff Ester Lelchook objected to that part of Magistrate Judge Mann's Report and Recommendation denying her individual ATA claims and asked this Court to find (1) that she is entitled to assert individual claims under the ATA, and (2) that she is entitled to a judgment of $12.5 million on those claims against BSPLC. [ECF No. 179]. Neither Ester Lelchook nor any of the other Plaintiffs or Defendants objected to any other part of Judge Mann's Report and Recommendation.

For the following reasons, the Court **ADOPTS IN PART** and **DEFERS IN PART** Judge Mann's Report and Recommendation.

## STANDARD OF REVIEW

In reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court reviews *de novo* "those portions of the report . . . to which [an] objection is made," *id.*, but "need only satisfy itself that there is no clear error on the face of the record" with

2

respect to those portions of the report to which no objection is made. Fed. R. Civ. P. 72 (1983 Advisory Committee Note).

## ANALYSIS

The ATA creates a civil cause of action for "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs." 18 U.S.C. § 2333(a). Plaintiff Ester Lelchook's objection rests on the question of whether "survivors" must be nationals of the United States in order to bring claims for their own injuries. [ECF No. 179], at 3-13. As Judge Mann notes in her Report and Recommendation, there is a split of authority within the District on this question. *Lelchook*, 2020 WL 12656283, at *4 n.1. One of the decisions to which Judge Mann cites, and on which Ester Lelchook heavily relies, is currently on appeal to the Second Circuit. *Est. of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495 F. Supp. 3d 144, 147 (E.D.N.Y. 2020), *motion to certify appeal granted*, No. 19-CV-5394 (BMC), 2020 WL 6700121 (E.D.N.Y. Nov. 13, 2020), *appeal docketed*, No. 21-513 (2d Cir. Mar. 4, 2021). The Court will defer ruling on Ester Lelchook's objection until the Second Circuit renders its opinion in *Henkin*.

With respect to those portions of Judge Mann's Report and Recommendation to which no objection has been lodged, the Court has reviewed it and finds no clear error. It therefore adopts her damages recommendations in full.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** that part of Judge Mann's Report and Recommendation concerning the appropriate damages awards and **DEFERS** on ruling on that part of the Report and Recommendation to which Ester Lelchook objected. The Clerk of the Court is respectfully directed to enter judgment against BSPLC in the following amounts: an award of

3

(trebled) economic damages in the amount of $899,958 to Ester Lelchook, acting as the legal representative of David Lelchook's Estate; and (trebled) compensatory damages in the aggregate amount of $60,000,000, with $7,500,000 allocated to Alexander Lelchook, $15,000,000 allocated to the Estate of Doris Lelchook, and separate awards of $18,750,000 allocated to Michal and to Yael Lelchook, respectively.

Plaintiff Ester Lelchook is directed to advise the Court when the Second Circuit renders its decision in *Henkin* so that the Court can be guided regarding her objection.

SO ORDERED.

Dated:   Brooklyn, New York
         February 17, 2022

/s/
I. Leo Glasser
Senior United States District Judge