UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ESTER LELCHOOK, individually and as
personal representative of the Estate of David
Martin Lelchook, MICHAL LELCHOOK,
YAEL LELCHOOK, ALEXANDER
LELCHOOK, and DORIS LELCHOOK,

        Plaintiffs,

   - against -

THE ISLAMIC REPUBLIC OF IRAN, THE
CENTRAL BANK OF THE ISLAMIC
REPUBLIC OF IRAN (a/k/a Bank Markazi
Jomhouri Islami Iran), BANK SADERAT IRAN,
and BANK SADERAT, PLC,

        Defendants.
-----------------------------------------------------------x

MEMORANDUM AND ORDER
16-CV-7078 (ILG) (RLM)

**GLASSER**, Senior United States District Judge:

   Plaintiffs Ester Lelchook, individually and as representative of the Estate of David Martin Lelchook, Michal Lelchook, Yael Lelchook, Alexander Lelchook, and Doris Lelchook[1] (collectively, "Plaintiffs") brought claims pursuant to the Anti-Terrorism Act, 18 U.S.C. § 2331 *et seq.* ("ATA"), Israeli negligence laws, and Massachusetts tort law against defendants the Islamic Republic of Iran, the Central Bank of the Islamic Republic of Iran, Bank Saderat Iran ("BSI"), and Bank Saderat, PLC ("BSPLC") (collectively, "Defendants"). Am. Compl. [ECF No. 81]. Following BSPLC's withdrawal of its counsel and failure to substitute new counsel, the Court entered a default judgment against it and referred the issue of damages to Magistrate Judge Mann

---

[1] Doris Lelchook, the mother of David Lelchook, died on December 5, 2018. On February 24, 2019, the Court substituted Alexander Lelchook, the Executor of Doris Lelchook's estate, as plaintiff.

to hear and determine. *Lelchook v. Islamic Republic of Iran*, 393 F. Supp. 3d 261, 269-70 (E.D.N.Y. 2019).

In an extensive, thoroughly researched, and well-reasoned Report and Recommendation [ECF No. 177], Magistrate Judge Mann wrote "[t]he ATA does not include language authorizing foreign nationals to bring ATA claims in a U.S. court for their own injuries caused by an act of international terrorism." *Lelchook v. Islamic Republic of Iran*, No. 16-CV-7078 (ILG), 2020 WL 12656283, at *4 (E.D.N.Y. Nov. 23, 2020). Ester Lelchook, as an "estate, heir, or survivor" of David Lelchook, can sue, even as a foreign national, to seek to recover under the ATA for David's economic damages. However, as a foreign national suing on her own behalf for her own injuries and not for a national of the United States, Judge Mann found that she failed to establish her entitlement to relief under the ATA. *Id.* at *5-6. Judge Mann concludes her Report by recommending that Ester Lelchook's motion for a default judgment on her individual claim for damages pursuant to the ATA be denied. *Id.* at *7. Ester Lelchook objected pursuant to Fed. R. Civ. P. 72(b)(2)-(3) to that part of the Magistrate Judge's Report. [ECF No. 179].

In a February 18, 2022, Memorandum and Order [ECF No. 180], the Court reviewed *de novo* that portion of the Magistrate Judge's Report to which objection was made – the determination of whether a survivor must be a national of the United States to sue for her own injuries under the ATA. The Court noted that pending on appeal to the Second Circuit was *Estate of Henkin*, 495 F. Supp. 3d 144 (E.D.N.Y. 2020), in which this question was to be resolved. *Lelchook v. Islamic Republic of Iran*, No. 16-CV-7078 (ILG) (RLM), 2022 WL 499901, at *2 (E.D.N.Y. Feb. 18, 2022). Therefore, while adopting the Report and Recommendation in part, the Court deferred a ruling on that part of the Report and Recommendation to which objection was made until *Henkin* is decided. The Court directed Ester Lelchook to advise the Court when the

2

Second Circuit renders its decision in *Henkin* so that it can be guided appropriately with respect to her objection. *Id.*

The remaining plaintiffs have now requested that the Court clarify its February 18, 2022, order to expressly hold, pursuant to Fed. R. Civ. P. 54(b), that "there is no just reason for delay" in directing entry of final judgment as to their claims despite the fact that Ester Lelchook's claim remains pending. [ECF No. 182].

Fed. R. Civ. P. 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Only after such an express declaration is the judgment considered final and appealable. Fed. R. Civ. P. 54(b). In determining whether to make this declaration, "[t]he proper guiding star, as the Supreme Court has emphasized, is 'the interest of sound judicial administration.'" *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Here, Ester Lelchook's individual claims for relief are based on the same facts as those of the other plaintiffs. Should the Second Circuit decide that a foreign national may bring her individual claim for personal damages under the ATA, this Court will most likely enter a default judgment in favor of Ester Lelchook, just as it did for the other plaintiffs. An appeal of that judgment would raise the same facts and legal issues as would an appeal of the partial final default judgment the Court has already entered. However, because the issues on appeal would more than likely be not merely related, but identical, resolution of the appeal from the judgment in favor of Ester Lelchook would require nothing more than a summary order, a minimal use of judicial resources. Moreover, the Court considers the impact of delaying the ability of the other plaintiffs

3

to proceed with the enforcement of their judgment.  Indeed, they have already been waiting since

2006, when their injuries first occurred.  In these circumstances, the Court determines that there is

no just reason for delaying entry of a final judgment as directed in its February 18, 2022,

Memorandum and Order, and certifies as such for purposes of Fed. R. Civ. P. 54(b).


       SO ORDERED.

Dated:       Brooklyn, New York
             May 5, 2022

                                              /s/
                                              I. Leo Glasser
                                            Senior United States District Judge