```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ESTER LELCHOOK, individually and as
personal representative of the Estate of David
Martin Lelchook, MICHAL LELCHOOK,           MEMORANDUM AND ORDER
YAEL LELCHOOK, ALEXANDER                    16-CV-07078 (ILG) (RLM)
LELCHOOK, and DORIS LELCHOOK,


                    Plaintiffs,

       - against -

THE ISLAMIC REPUBLIC OF IRAN, THE
CENTRAL BANK OF THE ISLAMIC
REPUBLIC OF IRAN (a/k/a Bank Markazi
Jomhouri Islami Iran), BANK SADERAT IRAN,
and BANK SADERAT, PLC,

                    Defendants.
----------------------------------------------------------x
```

**GLASSER**, Senior United States District Judge:

Plaintiffs Ester Lelchook ("Ester"), individually and as representative of the Estate of David Martin Lelchook ("David"), Michal Lelchook, Yael Lelchook, Alexander Lelchook, and Doris Lelchook (collectively, "Plaintiffs") brought claims pursuant to, *inter alia*, the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2331 *et seq.*, against defendant Bank Saderat, PLC ("BSPLC"). Am. Compl. ¶¶ 184–202, ECF No. 81.[1] In June 2019, the Court entered a default judgment against BSPLC as to liability and referred to Magistrate Judge Mann the issue of damages. *Lelchook v. Islamic Republic of Iran*, 393 F. Supp. 3d 261 (E.D.N.Y. 2019).

Magistrate Judge Mann's subsequent Report and Recommendation ("Report") was thoroughly researched and well-reasoned. *See Lelchook v. Islamic Republic of Iran*, No. 16-CV-

---

[1] Plaintiffs brought additional claims, not relevant here, against BSPLC and co-defendants the Islamic Republic of Iran, its Central Bank, and Bank Saderat Iran. Am. Compl. ¶¶ 174–83, 203–27.

7078, 2020 WL 12656283 (E.D.N.Y. Nov. 23, 2020) ("R. & R."). The Court adopted all but one of its recommendations. *Lelchook v. Islamic Republic of Iran*, No. 16-CV-7078, 2022 WL 499901, at *2 (E.D.N.Y. Feb. 18, 2022). The Court deferred its ruling on one recommendation—that Ester's individual claims under the ATA should be dismissed—pending the outcome of an appeal in an unrelated case that might have clarified a legal issue central to the outstanding recommendation. *Id.* For the reasons stated below, the Court now **ADOPTS** that recommendation and, consequently, dismisses Ester's individual claims under the ATA.

## BACKGROUND

The ATA creates a civil cause of action for "[a]ny national of the United States injured in his or her person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs." 18 U.S.C. § 2333(a). Ester's husband, David, was a U.S. national killed by a rocket launched into Israel by Hezbollah, a U.S.-designated Foreign Terrorist Organization to which BSPLC provided financial services. R. & R. at *1. David's estate brought ATA claims against BSPLC. Am. Compl. ¶¶ 184–202. Ester, who is not a U.S. national, also brought ATA claims against BSPLC, for her own injuries, as one of David's "survivors." *Id.*

Magistrate Judge Mann concluded that Ester's "individual claim[s] under the ATA [should] be dismissed" because she is a foreign national and § 2333(a) establishes a cause of action only for injuries to U.S. nationals. R. & R. at *13. Ester objected and asked the Court to find that she (i) has standing to assert individual claims under the ATA as David's survivor; and (ii) is entitled to a judgment of $12.5 million against BSPLC on those claims. ECF No. 179 at 13–14.

When the Court reviewed the Report, the Court of Appeals for the Second Circuit had not addressed whether § 2333(a) grants standing to the foreign-national survivors of U.S. nationals injured by acts of international terrorism. District courts within the Second Circuit had offered

dueling answers. *See* R. & R. at *4 n.1. An order of one such court, on which order Ester's objection relied, concluded that foreign survivors may bring their own ATA claims. *Est. of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, 495 F. Supp. 3d 144, 147 (E.D.N.Y. 2020). A question about that order was certified for appeal. *Est. of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, No. 19-CV-5394, 2020 WL 6700121 (E.D.N.Y. Nov. 13, 2020), *appeal docketed*, No. 21-513 (2d Cir. Mar. 4, 2021). This Court deferred ruling on Ester's objection pending disposition of that appeal. 2022 WL 499901, at *2. The Court of Appeals recently dismissed the *Henkin* appeal, without directly addressing the issue of foreign nationals' standing under the ATA. Order, *Est. of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*, No. 21-513 (2d Cir. Sept. 29, 2022); *see also* ECF No. 184.

## DISCUSSION

A district court reviewing a report and recommendation may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A reviewing district court "shall make a *de novo* determination of those portions of the report . . . to which [an] objection is made." *Id.* Thus, due to Ester's objection, the Court reviews *de novo* Magistrate Judge Mann's recommendation to dismiss Ester's individual ATA claims.

The Court concludes that Ester lacks standing under § 2333(a) to bring claims for her own injuries because, as the Court of Appeals has stated since this Court last considered the question, "the ATA grants a private right of action *only* to 'national[s] of the United States[.]'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 847 (2d Cir. 2021) (emphasis added). Magistrate Judge Mann and other courts in the Second Circuit have explained why that conclusion, which the Court of Appeals noted in *Kaplan* in dicta, is compelled by the text of § 2333(a) and its legislative history. *See* R. & R. at *4–7; *Averbach for Est. of Averbach v. Cairo Amman Bank*, No. 19-CV-0004, 2020 WL 1130733, at *2 (S.D.N.Y. Mar. 9, 2020) ("Nowhere in [§ 2333(a)] does Congress

3

provide remedies for non-nationals claiming damages for personal injuries."); *Rosenberg v. Lashkar-e-Taiba*, No. 10-CV-5381, 2016 WL 11756917, at *19–20 (E.D.N.Y. July 5, 2016) ("[Section 2333(a)] is clear that only claims brought on behalf of . . . United States nationals may proceed under the ATA."), *report and recommendation adopted in relevant part*, No. 10-CV-5381, 2017 WL 11647006 (E.D.N.Y. Mar. 31, 2017). This Court agrees with, and adopts, the reasoning set out so thoroughly in Magistrate Judge Mann's Report that its repetition here is unnecessary. *See* R. & R. at *4–7.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Mann's recommendation that Ester Lelchook's claims under the ATA for her own injuries should be, and hereby are, dismissed. The Court has now adopted Magistrate Judge Mann's Report, ECF No. 177, in its entirety. The judgment previously entered against BSPLC, ECF No. 181, is unchanged.

SO ORDERED.

Dated: Brooklyn, New York
October 13, 2022

/s/
I. Leo Glasser
Senior United States District Judge