United States Court of Appeals
FOR THE
SECOND CIRCUIT

———————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-three.

Present:
        Pierre N. Leval,
        Denny Chin,
        Richard J. Sullivan,
            *Circuit Judges*.

———————————————————————————

Ester Lelchook, individually and as personal representative of the Estate of David Martin Lelchook,

                *Plaintiff-Appellant*,

              v.                                                  No. 22-2848

Bank Saderat PLC,

                *Defendant-Appellee*.[*]

———————————————————————————

Appellant Ester Lelchook appeals from the district court's order dismissing her claims brought in her individual capacity under the Anti-Terrorism Act, 18 U.S.C. § 2331 *et seq.* ("ATA"). On February 24, 2022, the district court entered judgment against Defendant Bank Saderat PLC ("BSPLC") in favor of Michal Lelchook, Yael Lelchook, Alexander Lelchook, and the estate of Doris Lelchook, as well as Appellant in her capacity as the representative of the estate of David Lelchook (collectively, the "Remaining Plaintiffs"). Upon the Remaining Plaintiffs' request, the district court also certified under Rule 54(b) of the Federal Rules of Civil Procedure that "there [was] no just reason for delay in directing entry of final judgment as to *their* claims despite the fact that *Ester Lelchook's* [individual-capacity] claim[s] remain[ed] pending." App'x at 96 (emphasis added). On October 13, 2022, the district court issued the order subject to this appeal, dismissing Appellant's claims under the ATA for her own injuries because she is not "a national of the United States." *Id.* at 99 (quoting 18 U.S.C. § 2333(a)). But aside from her ATA claims, Appellant also asserts in her individual capacity negligence claims under Israeli law against BSPLC and other defendants. Because none of the district court's decisions resolved Appellant's Israeli-law claims with finality, and no partial judgment under Rule 54(b) has been entered on her individual ATA claims, we cannot conclude that this appeal presents a "final decision" required

———

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

under 28 U.S.C. § 1291. *See United States ex rel. Polansky v. Pfizer, Inc.*, 762 F.3d 160, 162–65 (2d Cir. 2014); *Cox v. United States*, 783 F.3d 145, 147–49 (2d Cir. 2015). Accordingly, IT IS HEREBY ORDERED THAT the appeal is DISMISSED for want of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2